MOORE, Ex parte. See Case No. 8,981.

## Case No. 9,749.

### In re MOORE.

[2 Ben. 325.] [1]

District Court, E. D. New York. March, 1868.

BANKRUPTCY—SPECIFICATIONS OF OBJECTIONS TO DISCHARGE—FRAUD.

1. Where specifications of objection to a bankrupt's discharge had been filed, and the creditors then moved for leave to take testimony, which motion was opposed, on the ground that the ground of objection alleged was an assignment made by the firm, of which the bankrupt was then a member, before the passage of the bankruptcy act [of 1867 (14 Stat. 517)], and consequently not within the meaning of the twenty-ninth section of the act: *Held*, that the specifications not only alleged such assignment, and that it was fraudulent, but also alleged that the property had remained in the possession of some of the assignors ever since the assignment, and that this was done with the knowledge and assent of the bankrupt.

2. The court would not, on such a motion, pass upon the question whether such a state of facts, if proved, would amount to a fraud under the twenty-ninth section of the act.

3. Leave to take evidence would be granted.

This was a voluntary proceeding in bankruptcy instituted by Chauncey W. Moore, who was a member of the firm of C. W. & J. T. Moore & Co. Certain creditors, opposing the discharge of this bankrupt, filed specifications of the grounds of their opposition, and thereupon, on notice to the bankrupt, moved for a trial and for leave to take testimony. The motion was opposed, on the part of the bankrupt, upon the ground that the grounds of opposition set forth in the specifications consisted of an alleged fraudulent assignment, by the firm of C. W. & J. T. Moore & Co., in 1861, long before the passage of the bankruptcy act, and, consequently, not with-

in the meaning of the twenty-ninth section, which, it was contended, was limited to transactions since the passage of the act.

BENEDICT, District Judge. It is unnecessary now to express any opinion upon the bare proposition, whether the words "fraudulent payment, gift, transfer, conveyance, or assignment of any part of his property," in the twenty-ninth section, are to be construed as if limited by the words, "contrary to the provisions of this act," or "since the passage of this act," elsewhere used in the section, inasmuch as the specifications in this case appear to me to raise a somewhat different question.

These specifications not only aver a fraudulent assignment, made in 1861, with the intent to enable the assignors to retain the control and disposition of a large amount of property pretended to be assigned, but they go further, and aver that this property has ever since been in the charge and custody, or under the control of the assignors, or some of them; that no dividend or other distribution of this property has ever been made to the creditors under the assignment; that one of the members of the firm now has in his hands, or under his control, a large amount of property and assets, pretended to have been included in that assignment, and that this disposition, detention, and custody of the property is with the knowledge, consent, and connivance of the petitioner now before the court.

Whether such a state of facts, if proved, would not amount to a fraud within the meaning of the twenty-ninth section, which should defeat a discharge, is a question which I am not inclined to pass on finally by denying a motion like the present. Leave will accordingly be given to take proofs in support of these averments.

The present motion also includes an application to amend the sixth specification, which, it is conceded, is not sufficiently specific. The permission will be given, as the opposition, in this case, is manifestly made in good faith, and the rules governing the specifications could not be considered as settled. The motion is accordingly granted.